STANDARD TRUCK CO. et al. v. PITTSBURGH RYS. CO. et al.

(Circuit Court of Appeals, Third Circuit. December 28, 1914.)

No. 1845.

PATENTS ⊕⟞328—INFRINGEMENT—CAR BRAKE.

The Price patent, No. 818,639, for a brake shoe mechanism, construed, and *held* not infringed by a brake in which there is no initial or sustained contact between the brake shoe and the wheel.

Appeal from the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Suit by the Standard Truck Company and others against the Pittsburgh Railways Company and others. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see Standard Motor Truck Co. v. Pittsburgh Rys. Co., 211 Fed. 667.

Kay & Totten, of Pittsburgh, Pa., for appellants.

Reed, Smith, Shaw & Beal, of Pittsburgh, Pa., and Jos. L. Levy, of New York City, for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiffs, the grantee of, and the licensee under, patent No. 818,639, issued April 24, 1906, to W. G. Price, for a brake, charged the Brill Company, as maker, and the Pittsburgh Railways Company, as user, with infringement thereof. On final hearing that court, in an opinion reported at 211 Fed. 667, held infringement was not shown. From a decree dismissing the bill, plaintiffs took this appeal.

After careful consideration, we agree with and adopt that opinion as expressive of our view that the decree below should be affirmed. Adopting it, therefore, as the opinion of this court, we restrict ourselves to briefly stating the conclusions reached by us from a study of Price's patent.

Price's brake, as disclosed by his specification, shows, first, an initial contact of the brake shoes with the car wheel, effected by nuts and

springs; second, maintenance of such contact by means of an automatic turnbuckle; and, third, taking claim 48 as illustrative, the first recited features of nut and spring are shown in the elements, "a bolt pivotally connecting said link with said support, a nut on said bolt, a spring engaged by said nut for producing frictional contact between the link and support when the nut is lightened," and the second recited feature, an automatic turnbuckle, is shown in the element, "means for taking up the slack of the brake shoe." That there was initial, subsequent, and actual contact of shoe and wheel is shown by the specification:

"With this and further objects in view the invention consists * * * of brake shoes for said wheels and means for *normally retaining said shoes in contact with the said wheels.* * * * The nut *25* may be adjusted against the spring *24* to any desired degree for producing sufficient frictional contact between the link *22* and the bar *21 for retaining the said link in a given adjusted position.* * * * In operation the shoes are *retained in contact* with the wheels, but not with sufficient pressure for materially retarding the movement of such wheels. * * * The prime object of the invention is the *retention of the brake shoes against the wheels* by the provision of means for taking up the wear on said shoes and retaining the shoes against the wheels after the same have been applied by the application of the brake-applying means. For a more comprehensive understanding of the invention the operation of the structure disclosed should be fully understood and the functions of the springs *24* and *30* appreciated. The springs *24* and *30* produce such frictional engagement between the parts as to sustain the shoes and beams in their given positions for application thereof at least for a sufficient period for permitting even a very weak spring *50* to actuate the parts of the turnbuckle for spreading the same sufficiently for taking up and wear upon the brake shoes thus *assuring the constant application of the shoes to the wheels,* as each time said shoes are applied for stopping the rotation of the wheels the friction occasioned by the springs *24* and *30* will be sufficient to give the turnbuckle an opportunity for actuation; * * * the movement of the live lever permitting the turnbuckle to lengthen itself for automatically taking up the slack between the shoes and the wheels resulting from wear."

Turning to the defendant's device, we find a different type of structure. Instead of initially placing the shoe and wheel in contact, defendants' wheel and shoe are spaced apart. Instead of maintaining or continuing, through an automatic turnbuckle, such initial contact, the defendants' device does not use any automatic means for taking up the slack caused by the wear of the shoe.

In view of these differences, the court below rightly held there was no infringement, and its decree is therefore affirmed.